**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JAMES JACKSON,**

　　　**Petitioner,**

**v.**　　　　　　　　　　　　　　　　**Case No. 8:19-cv-3152-T-33AAS**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

　　　**Respondent.**

_____/

## ORDER

This cause is before the Court on James Jackson's *pro se* petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. (Doc. 1). Respondent opposes the petition as time-barred. (Doc. 9). Jackson replied to the response. (Doc. 11). Upon consideration, the Court **ORDERS** that the petition is **DISMISSED AS TIME-BARRED**.

## PROCEDURAL HISTORY

Jackson was convicted after a jury trial of 33 counts related to theft and forgery. (Doc. 10-1, Ex. 6). The trial court sentenced him to an overall term of 90 years in prison. (*Id.*). The state appellate court *per curiam* affirmed Jackson's convictions and sentences. (Doc. 10-1, Ex. 10). Jackson filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 10-1, Ex. 12). The state court summarily denied relief. (Doc. 10-1, Ex. 13). The state appellate court *per curiam* affirmed the order of denial. (Doc. 10-2, Ex. 16).

## UNTIMELINESS OF FEDERAL HABEAS PETITION

**I. One-Year Limitations Period**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Jackson's habeas petition is subject to the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). A habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

Jackson's petition is untimely under § 2244(d)(1)(A). The state appellate court affirmed his judgment on June 22, 2016. (Doc. 10-1, Ex. 10). Accordingly, the judgment became final on September 20, 2016, when the 90-day period to petition the United States Supreme Court for a writ of *certiorari* expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).[1] Therefore, Jackson had until September 20, 2017, absent any tolling, to file his federal habeas petition.

Jackson did not file any tolling applications in state court prior to this federal habeas deadline. He did not raise any collateral challenge to the convictions until September 27, 2017, when he constructively filed his Rule 3.850 motion for postconviction relief by providing it to prison officials for mailing. (Doc. 10-1, Ex. 10, docket p. 185). However, a motion filed in state court cannot revive the AEDPA filing deadline once that deadline has expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court

---

[1] In his reply, Jackson contends that the 90-day period ran from July 20, 2016, which was the date of the state appellate court's mandate. (*See* Doc. 10-1, Ex. 11). However, the distinction between an order and a mandate is addressed in Supreme Court Rule 13(3), which provides that the 90-day period "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" *See Clay v. United States*, 537 U.S. 522, 527 (2003).

petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Therefore, Jackson's petition is untimely under § 2244(d)(1)(A).

## II.    Equitable Tolling

Recognizing that his petition is untimely, Jackson asserts entitlement to equitable tolling. AEDPA's one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner can only obtain equitable tolling if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). A petitioner must show a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

The applicability of equitable tolling depends on a case's particular facts and circumstances. *See Holland*, 560 U.S. at 649-50 (noting that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir.

2002) (stating that in assessing equitable tolling, "[e]ach case turns on its own facts."). A petitioner must present specific allegations demonstrating that equitable tolling is warranted. *See San Martin*, 633 F.3d at 1268 ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. . . . Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) ("The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory.").

Jackson claims that he is entitled to equitable tolling. He contends that he exercised diligence in attempting to obtain the state court records necessary to file his Rule 3.850 motion. Jackson claims that despite his diligent efforts, an unavoidable delay in obtaining the records prevented him from filing the Rule 3.850 motion in time to toll the AEDPA limitations period.

Specifically, Jackson claims that before his appeal was decided, he contacted his appellate counsel "to obtain a copy of the record to initiate a post-conviction relief claim(s)." (Doc. 1, p. 35). He contends, however, that after the state appellate court's mandate issued on July 20, 2016, he was "forced to wait another 236 days until appellate counsel sent the record on appeal" to him. (*Id.*). Jackson states that the record counsel furnished to him was incomplete and that "[i]t took 54 days to receive most of the missing portions of the record" with the help of Jackson's sister. (*Id.*, p. 37). Jackson states that "after [he] had actually received the record on appeal it took less than 60 days to prepare the Post-Conviction Relief Motion." (*Id.*). Jackson claims that, if not for appellate counsel's delay in sending him the record and the additional delay in obtaining omitted portions of

the record, he could have filed his Rule 3.850 motion in time to toll the AEDPA limitations period.

To pursue his rights diligently, a petitioner is required to exercise "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653; *see also Smith v. Comm'r, Ala. Dep't of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (the Eleventh Circuit "has noted that 'due diligence . . . does not require a prisoner . . . to exhaust every imaginable option, but rather to make reasonable efforts.'" (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002))). Even assuming that Jackson's efforts to obtain the state court record are sufficient to show diligence, he has not demonstrated an "extraordinary circumstance" beyond his control that caused the untimely filing of his federal habeas petition.

Preliminarily, Jackson's own timeline of events shows that he obtained the state court record several months in advance of the AEDPA filing deadline. Jackson claims that 236 days elapsed between the issuance of the July 20, 2016 appellate court mandate and the date he received the record from his attorney. This means he received the record from his attorney on March 13, 2017. Jackson states that another 54 days passed before his sister obtained missing portions of the record; accordingly, the record would have been in Jackson's possession by May 6, 2017.[2] Therefore, Jackson would have had the record approximately four months before the AEDPA deadline of September 20, 2017.

---

[2] Respondent also calculates the date Jackson would have had the record as May 6, 2017. In his reply, Jackson does not contest that conclusion. Further, while Jackson said his sister obtained "most" of the omitted records, he makes no specific allegations as to what portions of the record remained missing or whether he later obtained them. Accordingly, it appears that by May 6, 2017, Jackson had in his possession the record that he used in preparing his Rule 3.850 motion.

Jackson does not establish that equitable tolling is warranted after he obtained the state court record because he does not show any extraordinary circumstance that prevented him from filing the Rule 3.850 during this four-month period. Although Jackson contends that he needed the record to prepare certain claims in his Rule 3.850 motion, his allegation is conclusory and does not explain why he could not prepare the claims before the AEDPA limitations period expired. Additionally, the Court notes that Jackson says he needed up to 60 days after receiving the record to prepare his Rule 3.850 motion. Therefore, it appears that he would have been able to submit his Rule 3.850 motion in July 2017, well in advance of the September 20, 2017 AEDPA deadline.

Moreover, none of the circumstances that Jackson alleges amounts to an extraordinary circumstance for purposes of equitable tolling. A petitioner's separation from his legal papers does not constitute an extraordinary circumstance. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000))). Accordingly, courts have found that the lack of a record is not an extraordinary circumstance warranting equitable tolling. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-52 (6th Cir. 2011) (holding that the lack of access to the trial transcript was not an extraordinary circumstance permitting equitable tolling); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34  (7th Cir. 2002) (holding that the state's alleged refusal to provide a petitioner with a complete trial transcript did not justify equitable

tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding that a trial court's delay in furnishing a petitioner with a transcript did not establish a basis for equitable tolling). Therefore, the Court concludes that the lack of the state court record as alleged by Jackson does not constitute an extraordinary circumstance warranting equitable tolling.

Jackson also contends that his appellate attorney was ineffective in not providing the record sooner, and that his late filing was the "direct consequence" of the attorney's failure to more promptly provide him with the record.  (Doc. 1, p. 35). To the extent Jackson may intend to argue that counsel's delay in sending him the record in itself constitutes a basis for equitable tolling, he cannot obtain relief. Jackson has not established that any delay on his attorney's part amounts to an extraordinary circumstance. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1071 (11th Cir. 2011) (holding that an attorney's failure to act soon enough to allow timely filing of a federal habeas petition was not sufficient to warrant equitable tolling); *see also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1223-24, 1236-37 (11th Cir. 2017) (explaining that equitable tolling may be warranted upon instances of serious attorney misconduct including abandonment of the client, bad faith, dishonesty, divided loyalty, or mental impairment, but that equitable tolling is not warranted due to matters such as an attorney's negligence or misunderstanding of the law).

Finally, although Jackson appears to argue in his reply that he is entitled to equitable tolling because he has been proceeding *pro se*, a petitioner's *pro se* status or lack of legal training does not constitute an extraordinary circumstance. *See Rich v. Dep't of Corr., Fla.*, 317 F. App'x 881, 883 (11th Cir. 2008) (stating that *pro se* status is not an

extraordinary circumstance warranting equitable tolling); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."). Based on the foregoing, the Court finds that Jackson has not carried his burden to demonstrate the existence of an extraordinary circumstance that justifies equitable tolling.

Accordingly, the Court **ORDERS** that Jackson's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Jackson and to **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

It is further **ORDERED** that Jackson is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  A COA must first issue.  *Id.* To obtain a COA, Jackson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because the petition is time-barred, Jackson cannot satisfy the second prong of the *Slack* test.  Since Jackson is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on May 18, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

James Jackson
Counsel of Record